# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:16-cv-02376-APG-NJK |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment and (2) Denying Defendant Westchester's Motion for Summary Judgment** |
| v. | |
| WESTCHESTER HILLS HOMEOWNERS' ASSOCIATION, et al., | [ECF Nos. 52, 53] |
| Defendants | |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether its deed of trust encumbering property located at 9153 Whatley Street located in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Westchester Hills Homeowners' Association (Westchester). Defendant Premier One Holdings, Inc. (Premier) purchased the property at the foreclosure sale. Premier then encumbered the property with a short form deed of trust with assignment of rents to defendant Ling Yun Qui (Qui). BONY seeks a declaration that its deed of trust still encumbers the property.

BONY moves for summary judgment, arguing that its predecessor, Bank of America, tendered the superpriority amount and thereby preserved the deed of trust. Premier opposes BONY's motion but did not move for summary judgment. Qui did not respond to the motion. Westchester moves for summary judgment, arguing that it complied with all of the statutory requirements to properly foreclose on its lien and there is no fraud, unfairness, or oppression to justify setting aside the foreclosure sale.

/ / / /

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion and deny Westchester's motion because Bank of America tendered the superpriority amount, so Premier took title to the property subject to the deed of trust.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To

be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

There is no genuine dispute that Bank of America paid the superpriority amount in full. The monthly HOA assessment was $66.00 per quarter. ECF No. 52-5 at 3. Prior to the HOA foreclosure sale, Bank of America tendered $594.00 to cover the superpriority amount.[1] ECF No. 52-8.

Premier nevertheless argues that I should deny BONY's motion. First, it argues that BONY failed to pay the HOA assessments as they became due even though it was instructed to do so by the U.S. Department of Housing and Urban Development for properties insured through the Federal Housing Administration (FHA) insurance program. Next, it contends there is no evidence BONY kept the tender good. Finally, Premier argues that I should weigh the equities, which favor Premier. None of these arguments precludes summary judgment.

As to Premier's first argument, it has presented no evidence that this is an FHA-insured loan. As to its second argument, BONY "need only be ready and willing to pay to keep the tender good." *Bank of Am., N.A.*, 427 P.3d at 121. Bank of America sent a check for the superpriority amount and there is no evidence that it did not have sufficient funds to cover the amount of the check. Finally, I do not weigh the equities because Bank of America's tender preserved the deed of trust by operation of law. *Id.* at 120.

In sum, the valid tender cured the default as to the superpriority portion of the HOA's lien, so the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. As a result, the property remains subject to the deed of trust. I therefore grant BONY's motion for summary judgment and I deny Westchester's motion for summary judgment.

---

[1] There is no evidence of nuisance abatement or maintenance fees. ECF No. 52-5 at 5.

## II. CONCLUSION

I THEREFORE ORDER that defendant Westchester Hills Homeowners' Association's motion for summary judgment **(ECF No. 53) is DENIED**.

I FURTHER ORDER that plaintiff BONY's motion for summary judgment **(ECF No. 52) is GRANTED**. The clerk of court is instructed to enter judgment in favor of BONY and against the defendants as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on November 16, 2012 did not extinguish the deed of trust and the property located at 9153 Whatley Street in Las Vegas, Nevada is subject to the deed of trust.

DATED this 9th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE